**Entered on Docket**
**June 18, 2015**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HILL WINE COMPANY, LLC,                         No. 14-10680

                     Debtor(s).
_____/

UNIVERSAL FUNDING CORPORATION,

                     Plaintiff(s),

         v.                                                              A.P. No. 15-1023

TERRY and NANCY OTTON,

                     Defendant(s).
_____/

Memorandum re Abstention
_____

      Defendants Terry and Nancy Otton are principals or relatives of principals of Chapter 7 debtor Hill Wine Company to plaintiff Universal Funding Corporation ("UFC"). This adversary proceeding began as a suit in Washington state court by UFC seeking damages from the Ottons for allegedly making misrepresentations to it in order to induce it to extend credit to Hill Wine Company. When Hill Wine Company filed its bankruptcy petition, the Ottons removed the state court action to the

1

United States District Court for the Eastern District of Washington.

The court is unsure how the matter came to be heard by the district court. That court, like most courts, automatically refers bankruptcy related matters to the bankruptcy court. The Ottons represent that the district court had diversity jurisdiction independent of bankruptcy-related jurisdiction, but the lengthy order of the district court does not mention diversity. In any event, discussing only bankruptcy-related jurisdiction, the district court accepted jurisdiction and transferred venue to this court for trial because the Hill Wine Company bankruptcy is pending here.

Had this matter been removed to this court in the first instance, the court would certainly have abstained and remanded the matter to state court.[1] The "conceivable effects" this action would have on the administration of the bankruptcy case are, as found by the district court, (1) that any judgment by UFC against the Ottons would dilute the assets the bankruptcy estate could reach in its claims against the Ottons; (2) that if the Ottons were found solely liable then the bankruptcy estate would be exonerated; and (3) the Ottons claim of a right to reimbursement. The court understands (1) and (2), but the these effects would be slight and incidental and in no way impede administration of the bankruptcy. The court does not fully understand (3), except to note that the rights of co-debtors of a debtor in bankruptcy are well defined by § 502(e)(1) and § 509 of the Bankruptcy Code, such that it is not necessary to adjudicate those rights in order to administer a bankruptcy estate.

However, the court does not feel free to disregard the decision of the Washington district court, and does not wish to inflict yet a fourth court on the parties against their wishes. Accordingly, the court will set the matter for prompt trial and adjudicate it notwithstanding its misgivings about the need for litigation in the bankruptcy court. However, the court would welcome a stipulation of the parties to transfer this matter to a more appropriate forum.

The court will expeditiously notice a new scheduling conference in order to set this matter for

---

[1] The court finds no merit whatsoever in the Ottons' argument that the law of this circuit would forbid such abstention.

trial.

Dated: June 18, 2015

Alan Jaroslovsky
U.S. Bankruptcy Judge

3