UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HILL WINE COMPANY, LLC,  No. 14-10680

                    Debtor(s).
_____/

UNIVERSAL FUNDING CORPORATION,

                    Plaintiff(s),

  v.                                  A.P. No. 15-1023

TERRY and NANCY OTTON,

                    Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

       The first amended complaint in this adversary proceeding alleges that defendants Terry and Nancy Otton were officers of debtor Hill Wince Company (1.2 and 1.3); that they prepared materially false financial statements on behalf of Hill Wine Company (3.16 and 3.17); that they knew the financial statements were false (3.22); that they provided the false financial statements to plaintiff Universal Funding Corporation to induce it to factor Hill Wine Company's receivables (3.23); that based on the false financial statements Universal factored Hill Wine Company's receivables (3.24); and that as a result Universal suffered damages (4.10.)  These allegations are completely sufficient to state a claim for fraud, especially since the false nature of the financial statements is alleged in some detail (3.17 -3.21).

       The Ottons have moved for dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal

1

Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. The court finds no merit to the motion.

The Ottons characterize the complaint as comprised of formulaic recitation, conclusory allegations and rank speculation. Nonsense. The complaint goes into detail as to the false nature of the financial statements the Ottons are alleged to have prepared. Nothing in the complaint is formulaic or conclusory; the complaint easily meets the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Far from being speculative, the complaint alleges a familiar pattern of misrepresentations made by officers of a corporation in order to induce a lender to extend credit to the corporation.

The Ottons' argue that "Universal fails to even allege (let alone particularly plead) any direct contact between the Ottons and Universal." That is simply false. Section 3.23 specifically alleges "The Ottons provided such [false] statements to Universal."

Having determined that the complaint states a claim for fraud, the motion to dismiss must be denied; motions made under Rule 12(b)(6) can be granted only when there is no recognized legal theory which would justify any relief under the facts as alleged. 27A **Fed.Proc.L.Ed**., Pleadings and Motions, § 62:461. It is therefore not necessary for the court to address the Ottons' separate attack on the sufficiency of Universal's allegations of conversion. The court only notes in passing that the conversion claim may or may not have merit, based on Universal's rights under its factoring agreement with Hill Wine Company. The possibility of a successful conversion claim is enough to make dismissal inappropriate, especially under the relaxed pleading standards for claims not based on fraud.

For the foregoing reasons, the Ottons' motion to dismiss will be denied. Counsel for Universal shall submit an appropriate form of order.

Dated: December 15, 2015

Alan Jaroslovsky
U.S. Bankruptcy Judge

2